**Paula KIRTLEY, by her parents and next friends, Paul D. Kirtley and Joice Kirtley**

v.

**Albert S. ARMENTROUT, individually and as Principal of William Monroe High School, et al.**

**Civ. A. No. 75–40.**

United States District Court, W. D. Virginia, Charlottesville Division.

Dec. 15, 1975.

Ronald R. Tweel, Charlottesville, Va., for plaintiff.

Edward R. Slaughter, Jr., McGuire, Woods & Battle, Charlottesville, Va., for defendants.

## OPINION AND JUDGMENT

DALTON, District Judge.

This action is another among an increasingly growing number of school suspension suits in federal courts today. The suit has been brought by Paula Kirtley by her parents and next friends, Paul and Joice Kirtley. Ms. Kirtley was an eighth grader at William Monroe High School last spring when she was dismissed for accumulating ten demerits pursuant to the school's demerit system. Defendants in this action are Albert S. Armentrout, the former Principal of William Monroe who promulgated the demerit system, the three members of the Greene County School Board, Anna D. Watson, James R. Morris, and Everett D. Breeden, and the Superintendent of the School Board, William Wetsel.

Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and injunctive relief and money damages pursuant to 42 U.S.C. § 1983. Jurisdiction over the subject matter of this suit is conferred upon this Court pursuant to 28 U.S.C. § 1343. Defendants have filed several affidavits and numerous exhibits and moved this Court to dismiss the complaint for failure to state a claim upon which relief can be granted or in the alternative for summary judgment.

Defendants filed their brief supporting these motions on July 28, 1975. On September 3, 1975, plaintiffs filed a motion pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend the complaint adding an additional count. At that time plaintiffs had not filed their

brief opposing defendants' motions. Unfortunately, this Court prematurely took the case under advisement and on September 5, 1975 entered judgment for defendants. Counsel for plaintiffs immediately filed a motion to vacate this judgment, which motion was granted. At that time plaintiffs were granted leave to amend their complaint. Since then the complaint has been amended and briefs have been received from both sides on all issues. Thus, this case is now properly before this Court on defendants' motions.

I

Plaintiffs assert that a factual dispute exists in this case. For reasons to be developed later in this opinion, this Court disagrees and accepts the following as facts in this case. In January of 1975 the defendant, Albert S. Armentrout, adopted a demerit system for William Monroe High School. Under this system an accumulation of ten demerits resulted in suspension from the school. At the time of its promulgation the demerit system was published in the school newspaper, copies of it were sent home to parents of all students and a lengthy explanation of it was circulated to each first period teacher who spent the first class period discussing the demerit system with their students. Subsequently, Paula Kirtley accumulated fourteen demerits. After talking with the teachers involved, she had four removed. The ten remaining demerits were for the following offenses: (1) being unprepared for class (one) (2) chewing gum in class after two previous warnings (one) (3) not paying attention in class (one) (4) excessive talking in class (one) (5) unexcused lateness to class (one) (6) skipping class during club period (five).

Under the demerit system Ms. Kirtley was allowed to appeal the giving of these demerits to an Appeals Council composed of five teachers and five students. The sole issue to be determined by this committee was whether the demerits had been fairly given and unless seventy percent of the council voted in a secret ballot that the demerit had been fairly granted, they were to be removed. Ms. Kirtley's demerits were upheld. On April 3, 1975, defendant Armentrout notified Mr. and Mrs. Kirtley of their daughter's suspension and her right to then appeal this suspension to defendant Wetsel, the school superintendent. Ms. Kirtley and her parents did appeal the suspension and defendant Wetsel referred the case to the Greene County School Board. The plaintiff and her parents appeared with counsel before the School Board on May 7, 1975, and after hearing evidence and taking argument, the School Board decided that pursuant to its published regulations,[1] Ms. Kirtley had engaged in activities which were detrimental to the good order of the school. Thus, her suspension was affirmed and on May 14, 15, and 16 Ms. Kirtley was suspended from school. Plaintiffs amended complaint is in five counts:

(1) Defendant Armentrout was without state authority to issue the demerit system, was put on notice of said fact, and thus violated plaintiff's rights to due process.

(2) The demerit system itself is arbitrary and capricious.

(3) The demerit system is vague and overbroad.

1. The second paragraph of School Board Regulation 8.10 reads as follows: Whenever a student ceases to be amiable to the efforts of the school to secure good conduct, and his/her conduct is detrimental to good order, he/she may be excluded from school (up to 3 days first and second offenses; 5 days third offense) and his/her return made contingent on his/her parent or guardian having a conference with the principal. If satisfactory adjustments can be mutually established among parents or guardian, student and principal, the student may return to the school immediately. Or, at the discretion of the principal the student may be requested to remain out of school as a disciplinary measure, providing the Superintendent of Schools is notified of such action. In all cases of suspension, parents or guardians shall be notified immediately in writing.

(4) There was insufficient evidence upon which to suspend Ms. Kirtley.

(5) The appeal hearing before the School Board was based on the Board's own standard which was different from the one the Appeals Council used and was unknown to the Kirtleys. This constituted a denial of the plaintiff's rights to due process.

## II

After carefully considering the affidavits and exhibits filed in this case and the briefs on both sides, this Court is of the opinion that the reasons set down in its premature opinion of September 5, 1975 were correct in addressing the issues raised in counts one through four of the complaint. Accordingly, this Court adopts parts two, three and four of that opinion and renders judgment for the defendant on the first four counts of the complaint. The fifth count now warrants the attention of this Court. In support of their amended complaint, plaintiffs have submitted the affidavit of Mr. and Mrs. Kirtley in which they state that they were not aware that the School Board would use a different standard in the appeal hearing of their daughter than the one the Appeals Council used. For this reason, they state they did not present any witnesses at the School Board hearing who would have addressed the issue of whether Paula Kirtley had acted detrimentally to the good order of the school. Plaintiffs argue in their brief that because of this a factual dispute exists over the issue of whether the plaintiff should have reasonably known that the hearing was to be based on the Board's own regulations and not the demerit system.

Seemingly in contradiction to this, plaintiffs also argue that a factual dispute exists because they are asserting that the School Board endorsed plaintiff's suspension under the unapproved demerit system and not the Board's own regulations as defendant is said to argue. Accepting the fact that these two argu-ments can be made even if contradictory, this Court still feels that neither creates a factual dispute.

Addressing plaintiff's first argument, this Court is of the opinion that plaintiffs have improperly categorized a legal dispute as a factual one. The affidavit of Mr. and Mrs. Kirtley addresses the issue of what they in fact knew concerning the standard by which the School Board judged the appeal. However, defendants do not take issue with this. They merely assert that the timing of the notice concerning the Board's standard on appeal was proper. The real issue then is the legality of this notice. Plaintiffs have conceded that they were notified at the hearing itself of the standard the Board would use. Such notice, this Court believes, is constitutionally adequate. Courts have expressed severe concern over any refusal by school authorities to let a student present his or her side of the story, but have not required the type of notice of pending charges as would be required in an adjudicative hearing. *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Jenkins v. Board of Education*, 506 F.2d 992 (5th Cir. 1975), *reh. denied*, 510 F.2d 384 (1975). As recently explained by the United States Supreme Court,

There need be no delay between the time "notice" is given and the time of the hearing. In the great majority of cases the disciplinarian may informally discuss the alleged misconduct with the student minutes after it has occurred. We hold only that, in being given an opportunity to explain his version of the facts at this discussion, the student first be told what he is accused of doing and what the basis of the accusation is. *Goss, supra*, 419 U.S. at 582, 95 S.Ct. at 740.

Furthermore, the fact that plaintiffs were not aware until May 7th of the Board's appeal standard does not appear to be through any fault of the defendants. The School Board regulations were published in the Greene County Public Schools Policy Handbook, a vol-

ume available to the plaintiffs at any time. Defendant Armentrout had called attention to the fact that these regulations governed in a letter to Mr. and Mrs. Kirtley dated March 26, 1975 in which he stated:

"Please be advised that upon reflection I feel that in the case of your daughter, Paula Kirtley, I must follow the procedures described below despite any previous communication to you. This should insure that your daughter's rights are respected and that Virginia Statutes, *Greene County School Board Rules and Regulations*, and the William Monroe High School demerit system are followed.

Plaintiffs never chose to object to this supposed unfairness on May 7th. Rather, they waited five months later to assert this position in an amended complaint.

■ In addition to this, a careful review of the transcript of the May 7th hearing by this Court reveals that plaintiffs did assert at that time that Ms. Kirtley's conduct did not warrant a suspension. Since the School Board in its fact findings found that Ms. Kirtley's behavior had ceased to be amenable to the efforts of the school to secure good conduct, they obviously concluded to the contrary. As was said in this Court's previous mistakenly released opinion, it is not the duty of the federal courts to relitigate the evidentiary issues arising out of school disciplinary proceedings. *Wood v. Strickland*, 420 U.S. 308, 326, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).

■ As to plaintiff's second contention, this Court feels that its opinion of September 5th adopted by this opinion addressed this issue. The assertion that the School Board improperly endorsed the suspension under an unapproved demerit system is of no moment to this Court. This raises only a question of state law which does not involve a violation of specific constitutional guarantees. The real issue is one of power of the principal and school board to suspend students, which this Court has concluded is constitutionally permissible.

. Beyond this the transcript of May 7th and the fact findings of the School Board directly contradict the plaintiff's assertion here and indicate that the Board used its own published standard. Plaintiffs' assertion is based on no facts at all and contradicts plaintiff's other charges of unfair notice of a different appeal standard. This Court can draw no other inference from the undisputed facts, but that the School Board used its own regulations in ordering Ms. Kirtley suspended. See *United States v. Perry*, 431 F.2d 1020, 1022 (9th Cir. 1970).

Accordingly, judgment is to be entered for defendants in this case and it is to be stricken from the docket. The Clerk will certify a copy of this opinion to counsel for the plaintiffs, defendants and the School Board.